# *April* Term, 1773.

## *The Leſſee* of the Proprietary *verſus* Ralston.

PLAINTIFF ſhewed a title in himſelf to the Province cf *Pennſylvania,* and then reſted.

Defendant ſhewed a deed for one thouſand acres of land—alſo a warrant to himſelf, and two others, to take up three thouſand acres of land, which included the lands in controverſy—alſo a power of attorney to *David Lloyd,* to take care of ſaid land, and an accrunt of the expences of ſurvey.

Defendant having ſhewn title in a third perſon, as he conceived, moved for a nonfuit, and as authorities cited *Bath. Niſi. Prius. Inſtit. leg. title Eject.*

Plaintiff's Council infiſted to know, whether the Defendant had gone through all his evidence; and ſaid that he was not entitled to the opinion of the Court till then upon his title in a third perſon.

BUT THE COURT determined *contra:* and then gave their opinion, that as the Defendant's deed was a conditional deed upon the face of it, he was not intitled to a nonſuit.

The Plaintiff's Council then contended, that they had a right to demur to the Defendant's evidence. This was oppoſed by the Defendant's Council, who infiſted they had a right to go through their evidence, before the Demurrer was allowed. Of which opinion THE COURT alſo was: and the Defendant proceeded with his evidence, among which was a letter from *William Penn,* the firſt, acknowledging this ſale and grant.

The Plaintiff afterwards offered a ſubſequent letter of *William Penn's,* declaring the grant to be conditional; and, as this condition was not performed, the grantees ſhould not have the land.

This the Defendant's Council oppoſed, on the principle, that no man could create evidence for himſelf.

*Tilghman.* Letters are like converſation when the whole muſt be given.

*Dickinſon,* on the ſame fide, offered theſe authorities : 12 *Vin.* 101. An old manuſcript evidence. *Id.* 247. The declaration of a woman

preſent

present at the birth of a child in proof of pedigree. 3 *Mod.* 36. to
shew that the Defendant's rule of evidence is too strict.          1773.

Upon full argument, THE COURT over-ruled the evidence,
upon the principle contended for by the defendant's council.

Some of the defendant's council, the next day, offered some of
Doctor *Coxe's* letters to *David Lloyd,* shewing that the condition
had been complied with.

BUT THE COURT adhered to their opinion, and over-ruled thefe
letters also.—A verdict paffed for the plaintiff, by which the fenfe of
the Jury was, that the non performance of conditions of fettlement,
did not void the grant. *

---

# *September* Term, 1773.

---

## *The Leffee* of BIDDLE *verfus* SHIPPEN.

THE Plaintiff, among other evidence, offered a Map, made by
one *Zimmerman,* about thirty years ago. One *John Knorr,*
*Zimmerman's* nephew, proved that faid Map was the work of his
Uncle, at the requeft of the People of Germantown; that his
Uncle dying before he was paid for it, it remained in the family;
that it contains the lines of the Germantown Lots, and the adjacent
out Lands; that, upon any difficulty, they apply to him, and this
Map generally determines any difpute they may have about their
Lines.

Mr. *Chew* oppofed this Map, at firft, but afterwards agreed that
the Lands in controverfy were as laid down in it, and admitted it
with a falvo of its being no precedent.   Upon the Plaintiff's offering
it to the Jury to take out with them, Mr. *Chew* oppofed it; and fome
difference arifing, THE COURT declared it was not proper evidence,
that they fhould not have allowed its being offered to the Jury, nor
would they fuffer them to take it out with them.

* Determined at *Chefter,* Ni. Pri. 24th Auguft 1773.

BUT